# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 3:02CR7 (JBA)** |
| **V.** | : | |
| **WILFREDO PEREZ** | : | **SEPTEMBER 7, 2005** |

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

The defendant, Wilfredo Perez, is now scheduled for sentencing on Monday, September 12, 2005, at 3 P.M.  Defendant files this memorandum to address the issue of whether or not the punishment provisions relating to Mr. Perez' convictions on Counts One, Two, and Four of the Superseding Indictment authorize the Court to impose a "fine only" sentence.

It is respectfully submitted that this Court does have the authority to impose a sentence of a fine only on Counts One, Two, and Four of the Indictment, and to impose a sentence of any term of years on Count Five.  Defendant is aware of the decision of the Second Circuit Court of Appeals in *United States v. James*, 239 F.3d 120 (2d Cir. 2000), in which the Court held that there was no authority on the part of a district court to impose a "fine-only" sentence in a "VCAR" murder prosecution.  This decision, however, is inconsistent with the plain language of the statute, and the recent decision of the Second Circuit in *United States v. Pabon-Cruz*, 391 F.3d 86 (2d Cir. 2004); moreover, it is readily distinguishable from the facts of this case.

In this case, Mr. Perez was found guilty of the following statutory offenses: (1) interstate murder for hire (conspiracy and substantive), in violation of 18 U.S.C. §§ 1958 and 2 [Counts One and Two]; (3) violent crime in aid of racketeering (VCAR), in violation

of 18 U.S.C. §§ 1959(a)(1) and 2; and use of a firearm during crime of violence, in violation

of 18 U.S.C. §§ 924(c) and (j)(1).   The sentencing options for each of these statutory

provisions is set forth below:

> **(1) 18 U.S.C. § 1958** - [Any defendant who violates this statute] ... if death results, shall be punished by death or life imprisonment, or shall be fined not more than $ 250,000, or both;

> **(2) 18 U.S.C. § 1959(a)(1)** - [Any defendant who violates this statute] shall be punished -- (1) for murder, by death or life imprisonment, or a fine under this title, or both; and

> **(3) 18 U.S.C. § 924(j)(1)** - [Any defendant who violates 18 U.S.C. 924(c)] shall – (1) if the killing is a murder (as defined in section 1111 [18 USCS § 1111]), be punished by death or by imprisonment for any term of years or for life.

With respect to the third sentencing provision (924(j)(1)), it clearly vests the Court

with the discretion to impose a term of imprisonment of "any term of years."[1]  With respect

to the first two provisions, the language cannot be clearer: it permits the Court to impose

a sentence of A, or B, or both.  This is precisely the language construed in *Pabon-Cruz*,

and the Court there held that "[t]he plain language of the 'or both' version which was in

Congress' contemplation is clear and produces a viable, though somewhat odd, result."

__ F.3d at ___, 2004 U.S. App. LEXIS at 24950.  In ruling in *Pabon-Cruz* that a fine-only

sentence was an alternative to a mandatory minimum sentence of 10 years, the Court

looked to the facts of the case, which "belied" the government's claims that the result was

"non-sensical" and "directly contrary to Congress' intent;" this "unusual" result, the Court

concluded, was far preferable to the government's "considerably more eccentric" approach.

*Id*. at 24950-51.

---

[1] This statute also clearly expresses the Congressional intent that not all murders, including those committed with firearms, need result in a life term.  Thus, defendant's position that a period of incarceration in this case of less than life is warranted is far from "nonsensical."

Mr. Perez acknowledges that in *Pabon-Cruz*, the Second Circuit sought to distinguish *James*. That distinction (that in the VCAR context a fine only authority would lead to "nonsensical" results) is inapplicable here, where the Court is faced with (1) a defendant who is already serving almost 22 years for conduct which formed the basis for a significant part of the jury's verdict here, and (2) another count where the Court can impose a consecutive, incremental sentence of less than life, it that is deemed necessary to sanction the conduct found by the jury here. In *James*, the Court held that "[i]t is hard to believe that Congress intended to permit a sentence of a fine with no prison time in cases of, for example, a drug-related murder such as the one at issue in this case." 239 F.3d at 126. It also found, however, that the government's argument, based on the legislative history, that inferred that life imprisonment "must be" the mandatory minimum sentence was "reasonable" but not "mandatory." *Id*. at 126, n. 7.

In this case, however, the cumulative result of sentencing on the four counts of the Indictment, coupled with the sentence Mr. Perez is presently serving, would not be an aggregate sentence of a fine only. Mr. Perez is presently serving a 262 month sentence (21 years, 10 months) for the drug offenses which formed the "racketeering" element of several of the counts in this case. The jury in this trial heard days of testimony about these activities. No matter what this Court now imposes as a sentence here, and even assuming Mr. Perez receives all possible good time, he will not be released from his present prison sentence until the latter part of 2016 (service of present sentence begun on January 27, 1998). Moreover, if the Court believes that additional time is necessary on his convictions here to meet the goals set forth in 18 U.S.C. § 3553, it has the authority to impose an additional, consecutive period of incarceration when sentencing Mr. Perez on Count Five of the Indictment.

The reality is that Congress knows how to restrict the sentencing options of federal courts, when it so chooses, as it has numerous times in the recent past. In addition, Congress is not only presumed to be but is in fact well aware that in most federal criminal cases, the government alleges various alternative ways in which a defendant has violated the law, *i.e.*, most federal indictments are multi-count indictments. Given that reality, it makes sense that Congress would give sentencing courts flexibility to achieve the most appropriate sentence, under all the circumstances of a given case. The plain language of Congress here is not appropriately second-guessed by the courts; after all, the establishment of sentencing options is clearly a legislative and not a judicial function. It is certainly far from "nonsensical" for Congress to create legislation, as it has here, that vests this Court with the authority to sentence Mr. Perez to a total effective sentence of anywhere from 262 months (if the period of incarceration on Count Five is ordered to be served concurrently to the 262 month sentence and results in no additional time to serve, and if sentences of a fine only are imposed on the other counts) to a sentence of life imprisonment. Given these realities, and the fact that Congress has determined within some of the myriad of federal statutes penalizing murder that any term of years up to life can be an appropriate sentence (*e.g.*, 18 U.S.C. § 924(j)(1)), it is simply not up to the courts to interpret precisely the same language in one statute by giving it its plain meaning (*Pabon-Cruz*) and then to say that the same statutory phrase means precisely the opposite (*James*).

The Court has before it in this case a multitude of evidence that establishes that a sentence of less than life imprisonment is appropriate here. If the Court determines that it does have the authority, despite the holding in *James*, to impose a cumulative sentence of less than life imprisonment, it is requested that the sentencing hearing be continued, so

that the defense can present additional mitigation evidence, the Probation Office can consider all the factual and Guidelines arguments in support of a sentence of less than life, and the government has an opportunity to respond.

## CONCLUSION

This Court has the authority to distinguish this case from *James* on the facts, hold that the logic of the *Pabon-Cruz* decision applies here, and impose a fine-only sentence on Counts One, Two and Four.  Assuming *arguendo* that the Court determines it is bound by *James*, defendant preserves all arguments for further review, including that *James* was wrongly decided, that it is inconsistent with *Pabon-Cruz*, that it is factually distinguishable from this case and/or that the arguments raised here were not before the Second Circuit in *James*, that the rule of lenity compels the defense interpretation, and that the judicial redrafting of the clear statutory language as done in *James* results in a statute that does not give a person of ordinary intelligence notice of the maximum penalties he faces, and is thus unconstitutional.

Respectfully submitted,

THE DEFENDANT,
WILFREDO PEREZ


/s/
_____

September 7, 2005

Richard A. Reeve
Sheehan & Reeve
139 Orange Street, Suite 301
New Haven, CT   06510
(203) 787-9026 (phone)
(203) 787-9031 (fax)
rareeve51@snet.net
Federal Bar No. ct05084

**CERTIFICATE OF SERVICE**

I hereby certify that copies of the DEFENDANT'S MEMORANDUM IN AID OF SENTENCING have been sent by first class mail, postage prepaid, to the following counsel of record as listed below, this 7th day of September, 2005:

David Ring, Esq.                           William T. Koch, Jr.
David Vatti, Esq.                          151 Brush Hill Rd.
Assistant U.S. Attorneys                   Lyme, CT 06371
PO Box 1824
New Haven, CT 06508

Joseph P. Montessi
U.S. Probation Office
157 Church Street, 22nd Floor
New Haven, CT   06510


                                           /s/
                                           _____
                                           Richard A. Reeve