UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 3:02CR007(JBA) |
| v. | |
| WILFREDO PEREZ,<br>    aka "Wil" and "Wilfred" | September 8, 2005 |

### UNITED STATES' RESPONSE TO DEFENDANT WILFREDO PEREZ'S SENTENCING MEMORANDUM

Defendant Wilfredo Perez presently argues that, at his sentencing, the Court may impose a "fine only" sentence, rather than a sentence of mandatory life imprisonment, because the relevant statutory provisions provide for a mandatory sentence of life (or death) *or* a fine. The Second Circuit has squarely rejected the defendant's claim; therefore, the Court should impose a life sentence on counts one, two and four, and a consecutive five year sentence on count five.

*1.   Sections 1958 and 1959 Require Mandatory Life Sentences*

In *United States v. James*, 239 F.3d 120, 126 (2d Cir. 2000), the Second Circuit addressed the exact same issue that defendant Perez now raises – whether 18 U.S.C. § 1959(a)(1) allows the sentencing court to impose a fine lieu of imprisonment. The Second Circuit squarely rejected this claim:

> Appellant's reading of the statute is, however, deeply problematic. It is hard to believe that Congress intended to permit a sentence of a fine with no prison time in cases of, for example, a drug-related murder such as the one at issue in this case. The notion that the statute contemplates the imposition of a fine without imprisonment cannot be reconciled with the

> extremely harsh punishments–death or life imprisonment–otherwise available.

*Id.* (footnote omitted). Because of the absurdity of the defendant's proposed interpretation, the Court held that the statute required a sentence of mandatory life:

> We see no basis for concluding that Congress intended the unlikely result that, unless there were acceptable grounds for a downward departure, a judge was free to reject a death sentence or life imprisonment for a defendant convicted under 18 U.S.C. § 1959(a)(1), but only by sentencing that defendant to a fine without prison time. Accordingly, we affirm the district court's decision that 18 U.S.C. § 1959(a)(1) carries a mandatory minimum sentence of life in prison.

*Id.* at 127.

The Second Circuit's reasoning in *James* applies equally to 18 U.S.C. § 1958, which contains the same disjunctive language that appears in § 1959(a)(1). Whereas § 1958 provides that the defendant "shall be punished by death or life imprisonment, or shall be fined not more than $250,000, or both"; §1959 provides that the defendant shall be punished by "death or life imprisonment, or a fine under this title, or both[.]" Thus, under *James,* both sections 1958 and 1959 should require mandatory life sentences.

The defendant argues that *James* should not control in his case because (a) *James* is inconsistent with the Second Circuit's decision in *United States v. Pabon-Cruz*, 391 F.3d 86 (2d Cir. 2004), which reached a different result than *James* when interpreting a pornography statute; and (b) the facts of his case are distinguishable from those in *James*. As the defendant concedes, however, *Pabon-Cruz* did not overrule *James,* but rather distinguished it:

> *James* presents a situation where the plain language of the statute is indeed nonsensical enough to indicate that that plain meaning could not have been what Congress intended. *To allow no option between capital punishment or life imprisonment, on the one hand, and a fine, on the other, is incomprehensible. We assume, in the instant case as in others, that Congress did not intend an absurdity.* Cf. *Pub. Citizen v. U.S. Dept. of Justice,* 491 U.S. 440, 470 (1989) (Kennedy, J., concurring) (describing absurdity rule as "demonstrat[ing] a respect for the coequal Legislative Branch, which we assume would not act in an absurd way").

*Pabon-Cruz*, 391 F.3d at 104 (emphasis added). Thus, *Pabon-Cruz* does not undermine *James* by any measure, and offers the defendant no relief.

Likewise, the *facts* of the present case have no bearing on how sections 1958 and 1959 should be interpreted. As shown above, the court in *James* used the facts of that case to *illustrate* the absurdity of the defendant's proposed statutory interpretation, not to justify a particular interpretation in that particular case. *James*, 239 F.3d at 126. It is simply not possible that differing facts may give rise to differing statutory interpretations in § 1959 cases. In sum, the Second Circuit's decision in *James* is controlling, and sections 1958 and 1959 must be construed to require a mandatory life sentence.

    2.    *Section 924(j) Requires a Consecutive Sentence*

In 1996, 18 U.S.C. § 924(c)(1) provided:

> (c)(1) Whoever, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years. . . . *Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that*

>  *imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried.*  (Emphasis added.)

Section 924(j)[1] provided:

> A person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm, shall–
>> (1) if the killing is a murder (as defined in section 1111), be punished by death or by imprisonment for any term of years or for life . . .

Because section 924(j) enhances the penalty for a section 924(c) violation, courts have construed section 924(j) to incorporate section 924(c)'s consecutive-sentence requirement. *See United States v. Battle,* 289 F.3d 661, 665-66 (10th Cir. 2002); *United States v. Yazzie*, 1998 WL 255299, *2 (9th Cir. 1998).  Accordingly, for count five, the Court should sentence the defendant to a consecutive sentence of at least five years.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

/s/
DAVID A. RING
ASSISTANT U. S. ATTORNEY
157 Church Street
P.O. Box 1824
New Haven, Connecticut  06510
(203) 821-3700
Federal Bar No. CT14362

---

[1] In 1996 section 924 contained two subsections "(i)", the later of which was relettered "(j)."

## CERTIFICATION OF SERVICE

      This is to certify that the within and foregoing has been sent via first-class mail this 8th day of September, 2005, to:

| | |
|---|---|
| Richard Reeve, Esq.<br>Michael Sheehan, Esq.<br>Sheehan & Reeve<br>139 Orange Street, Suite 301<br>New Haven, Connecticut 06510 | William Koch<br>Law Offices<br>151 Brush Hill Rd.<br>Lyme, CT 06371 |

 

                                                        /s/
                                            DAVID A. RING
                                            ASSISTANT UNITED STATES ATTORNEY